# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| WALTER R. CLAY, ) | |
| AIS # 00144374 ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No.: 2:16-cv-00585-MHH-SGC |
| ) | |
| LEON BOLLING, Warden, et al., ) | |
| ) | |
| Respondents. ) | |

## ANSWER

Come now Respondents, by and through the Attorney General for the State of Alabama, and, in response to this Court's July 19, 2016 show cause order, respectfully submit this Answer to the Petition for Writ of Habeas Corpus filed by Walter Clay. Respondents deny that Clay is entitled to any relief.

## I.     Procedural History

1.     On January 27, 2009, Clay was convicted for first degree robbery (Jefferson County Circuit Court CC-08-2687), in violation of Ala. Code § 13A-8-41(1975).  Clay was sentenced to life imprisonment without parole and ordered to pay $50.00 to the Alabama Crime Victim's Compensation Fund. (Respondents's Ex. 1).  Clay's current incarceration is the result of that conviction and sentence.

2.     On direct appeal, Clay argued that: (i) the trial court erred in denying his motion to suppress the photo identification as impermissibly suggestive; and, (ii) the State's failure to introduce the toy gun into evidence prejudiced his defense. (Respondents's Ex. 2) The Alabama Court of Criminal Appeals affirmed the conviction and sentence in an unpublished memorandum opinion. Clay v. State, CR-08-0773 (Ala. Crim. App. Jul. 24, 2009) (mem. op). (Respondents's Ex. 3) Clay filed an application for rehearing which was overruled. (Respondents's Ex. 4,5)  He then filed a petition for writ of certiorari in the Alabama Supreme Court raising the same arguments. (Respondents's Ex. 6) The Alabama Supreme Court subsequently denied the certiorari petition.  (Respondents's Ex. 7)  The certificate of judgment was issued on October 9, 2009.  Clay v. State, CR-08-0773 (Ala. Crim. App. Oct. 9, 2009).  (Respondents's Ex. 8)

3.     On March 26, 2015, Clay filed a pro se Rule 32  (CC-08-2687.60), on the grounds that: (i)  he was denied effective assistance of trial counsel; and,  (ii)

2

his sentence was not based on the sentencing guidelines under Ala. Code §13A-5-9.  (Respondents's Ex. 11)  The trial court summarily dismissed Clay's petition finding that his claims were procedurally barred and meritless.  (Respondents's Ex. 11) The Alabama Court of Criminal Appeals affirmed the denial of Clay's Rule 32 petition in an unpublished memorandum opinion. <u>Clay v. State</u>, (CR-14-1306) (Ala. Crim. App. Dec. 11, 2015) (mem. op). (Respondents's Ex. 11) Clay's application for rehearing was overruled. (Respondent's Ex. 12, 13) Clay's petition for writ of certiorari in the Alabama Supreme Court was denied.  (Respondents's Ex. 14, 15)  The Alabama Court of Criminal Appeals issued a certificate of judgment of affirmance on March 11, 2016.  (Respondents's Ex. 16)

    4.    On May 13, 2016, Clay filed the instant petition for writ of habeas corpus challenging his first degree robbery conviction. Clay argues the following as grounds for relief:  (i)he was denied effective assistance of counsel; and, (ii) the trial court imposed an illegal sentence.  (Clay's Petition, p. 9)

## II.     Discussion

5.      Clay's petition is barred by the limitation period set forth in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Title 28 U.S.C. § 2244 (d) (1). The AEDPA imposes a one-year statute of limitation on all habeas corpus petitions: "[T]his rule 'serves the well-recognized interest in the finality of state court judgments' and 'reduces the potential for delay on the road to finality by restricting the time that a prospective federal habeas petitioner has in which to seek federal habeas review.' " Drew v. Department of Corrections, 297 F. 3d 1278, 1283 (11th Cir. 2002), citing Duncan v. Walker, 533 U.S. 167, 179 (2001). Under 28 U.S.C. § 2244 (d) (1) (A), the limitation period began to run on the date Clay's conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." Where, as here, a defendant appeals his conviction to the Alabama Court of Criminal Appeals and seeks or obtains review in the Alabama Supreme Court but does not seek review in the Supreme Court of the United States, his conviction becomes final on the ninetieth day after the date of the order of the Alabama Supreme Court deciding the defendant's direct appeal or denying review. See McCloud v. Hooks, 560 F. 3d 1223, 1227 (11th Cir. 2009); Pugh v. Smith, 465 F. 3d 1295, 1299 (11th Cir. 2006). The limitation period is subject to statutory tolling only under limited circumstances, such as when a properly filed state court post-conviction petition is pending for review. Goodman

4

v. United States, 151 F. 3d 1335, 1337 (11th Cir. 1998); Title 28 U.S.C. § 2254 (d) (2).

6.     Here, the Alabama Supreme Court denied Clay's petition for writ of certiorari on October 9, 2009.  Ninety days after the Alabama Supreme Court denied review of his petition - January 6, 2010 - Clay's conviction and sentence became final because Clay did not seek review in the United States Supreme Court.  The federal limitations period, therefore, began to run on January 6, 2010, and ran uninterrupted without either statutory or equitable tolling until its expiration on January 5, 2011.  Clay filed the instant petition for federal habeas relief on May 13, 2016, which was 5 years, 4 months, 9 days (including the end date) after the expiration of the one-year period of limitation contained in § 2244 (d) (1).

7.     As noted supra, § 2244(d)(2) of the AEDPA provides for the tolling of the limitations period pending review of a properly filed application for state post-conviction relief. A state court filing initiated after expiration of the federal habeas deadline, however, does not revive the deadline. Sibley v. Culliver, 377 F. 3d 1196, 1204 (11th Cir. 2004)("While a properly filed application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitations period has expired.")(citation omitted). Although Clay filed a post-conviction petition, that petition did not serve to toll the

5

statute of limitations period because it was filed after the expiration of the federal habeas deadline.  See Tinker v. Moore, 255 F. 3d 1331, 1331 (11th Cir. 2001) (holding "a state court petition … that is filed following the expiration of the federal limitations period 'cannot toll that period because there is no period remaining to be tolled'"), cert. denied, 534 U.S. 1144 (2002).  Clay's Rule 32 post-conviction petition was deemed filed on March 26, 2015, more than four years after the limitations period expired.  At that time, no time remained to be tolled within the AEDPA limitations period.

8. The only exception to the time limitation of § 2244 (d) may be found in the doctrine of equitable tolling.  The limitation period can be equitably tolled, "when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition." Helton v. Sec'y for Dep't of Corr., 259 F. 3d 1310, 1312 (11th Cir. 2001).  In order to be entitled to equitable tolling, a petitioner must demonstrate that the petition was untimely filed because of both extraordinary circumstances that are beyond his control and unavoidable even with diligence. Drew v. Dep't of Corr., 297 F. 3d at 1286.

9. As grounds for equitable tolling in this case, Clay argues that his appellate counsel died after the Alabama Court of Criminal Appeals affirmed his conviction and "no one in [Attorney Chris Christ]'s office continued this appellate process, no one notified Clay of his death and no one notified Clay of the status of

his appeal." (Clay's Petition, p. 8)  Clay's argument for equitable tolling must fail. Clay's appellate counsel's death is an extraordinary circumstance beyond his control, however, Clay's attorney died on June 29, 2011[1], which was six months after the federal limitations period expired on January 5, 2011.  (Respondent's Ex. 17)   This Court, therefore, cannot determine that Clay's petition was untimely filed as a result of his attorney's death or as a result of his counsel's negligence. Even if this Court was to decide that the petition was untimely filed as a result of attorney negligence, no form of attorney negligence will justify equitable tolling. See, e.g., Johnson v. United States, 340 F. 3d 1219 (11th Cir. 2003) (holding that petitioner's inaction during the year after his conviction was affirmed on direct appeal did not justify equitable tolling); Helton, 259 F. 3d at 1312 (rejecting petitioner's reliance upon counsel's mistaken calculation of limitations period because petitioner did not show due diligence in ascertaining the correct period); Steed v. Head, 219 F. 3d 1298 (11th Cir. 2000) (holding that attorney's miscalculation of the limitations period or mistake could not be the basis for equitable tolling); Sandvik v. United States, 177 F. 3d 1269 (11th Cir. 1999) (holding that attorney negligence will not warrant equitable tolling).

---

[1] The undersigned relies on the date in Attorney Chris Christ's obituary as reported in the Birmingham News. (Respondents's Ex. 17)
http://obits.al.com/obituaries/birmingham/obituary.aspx?pid=152305152
(last visited August 5, 2016).

10. Not only has Clay failed to demonstrate extraordinary circumstances prevented him from timely filing his habeas petition, Clay has also failed to establish his own diligence in ascertaining the federal habeas filing deadline. Clay filed a pro se Rule 32 petition in the Jefferson County Circuit Court on October 31, 2013, but did not file the instant petition until May 13, 2016. (Respondent's Ex. 10) If Clay was aware of the filing requirements for his post-conviction petition in the state court, then he should have been aware of the filing requirements for his federal habeas petition, thus, there was no reason for the delayed filing. This delay constitutes a lack of due diligence and disentitles Clay to equitable tolling.

### III. Conclusion

Based on the foregoing authorities and facts, Clay's petition for writ of federal habeas corpus is barred as filed outside the AEDPA limitation period, under 28 U.S.C. §2244 (d) (1), and should be dismissed with prejudice.

Respectfully submitted,

Luther Strange (STR003)
*Attorney General*
By:


/s/Madeline H. Lewis
*Madeline H. Lewis (HIN032)*
*Assistant Attorney General*

**EXHIBITS**

Ex. 1: Docket Sheet, Alabama Court of Criminal Appeals Clay v. State, CR-08-0773 (Jefferson County Circuit Court: CC-08-2687)

Ex. 2: Appellant's Brief, Alabama Court of Criminal Appeals (CR-08-0773)

Ex. 3: Memorandum Opinion, Alabama Court of Criminal Appeals Clay v. State, CR-08-0773 (Ala. Crim. App. Jul. 24, 2009) (mem. op.)

Ex. 4: Application for Rehearing, Alabama Court of Criminal Appeals (CR-08-0773)

Ex. 5: Notice, Alabama Court of Criminal Appeals Application for Rehearing Overruled, CR-08-0773 (Jefferson County Circuit Court: CC-08-2687)

Ex. 6: Petition for Writ of Certiorari, Ex parte Clay, Alabama Supreme Court (No. 1081653)

Ex. 7: Order, Alabama Supreme Court denying Petition for Writ of Certiorari, No. 1081653 (Ala. Oct. 9, 2009)

Ex. 8: Certificate of Judgment, Alabama Court of Criminal Appeals, Clay v. State, CR-08-0773 (Ala. Crim. App. Oct. 9, 2009)

Ex. 9: Docket Sheet Rule 32, Alabama Court of Criminal Appeals Clay v. State, CR-14-1306 (Jefferson County Circuit Court: CC-08-2687.60)

Ex. 10: Appellant's Rule 32 Brief, Alabama Court of Criminal Appeals (CR-14-1303)

Ex. 11: Memorandum Opinion, Alabama Court of Criminal Appeals Clay v. State, CR-14-1306 (Ala. Crim. App. Dec.11, 2015) (mem. op.)

Ex. 12: Application for Rehearing, Alabama Court of Criminal Appeals (CR-14-1306)

Ex. 13:  Notice, Alabama Court of Criminal Appeals Application for Rehearing Overruled, CR-14-1306 (Jefferson County Circuit Court: CC-08-2687.60)

Ex. 14:  Petition for Writ of Certiorari, Ex parte Clay, Alabama Supreme Court (No. 1150420)

Ex. 15:  Order, Alabama Supreme Court denying Petition for Writ of Certiorari, No. 1150420 (Ala. Mar. 11, 2016)

Ex. 16:  Certificate of Judgment, Alabama Court of Criminal Appeals, Clay v. State, CR-14-1306 (Ala. Crim. App. Mar. 11, 2016)

Ex. 17:  Attorney Chris Christ's obituary as reported in the Birmingham News. http://obits.al.com/obituaries/birmingham/obituary.aspx?pid=152305152  (last visited August 5, 2016).

## CERTIFICATE OF SERVICE

I hereby certify that on this the <u>8th</u> day of August, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and I hereby certify that I have mailed by United States Postal Service the document (including all exhibits) to the following non-CM/ECF participants:   <u>Walter Clay, AIS # 00144374, William E. Donaldson Correctional Facility, 100 Warrior Lane Bessemer, AL 35023-7299.</u>


<u>/s/Madeline H. Lewis</u>
Madeline H. Lewis
Assistant Attorney General



ADDRESS OF COUNSEL:

Appellate Division – Criminal Appeals Section
Office of the Attorney General
501 Washington Avenue
Montgomery, AL  36130-0152
Telephone:  (334) 242-7300
Fax:          (334) 242-2848
E-Mail:      docketroom@ago.state.al.us


2194273 / 193483-001